IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. BK10-83133-TJM |
| DONALD H. PEDERSEN and | ) | |
| MARCEE N. PEDERSEN, | ) | CHAPTER 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held on March 14, 2011, on the objection to exemptions by William and Mary Doucette (Fil. No. 16), the debtors' resistance thereto (Fil. No. 18), the debtors' motion to avoid lien (Fil. No. 19), and objection by William and Mary Doucette (Fil. No. 24). Kathryn J. Derr appeared for the debtors and Sam King appeared for the Doucettes.

The objection to exemptions is overruled. The motion to avoid lien is granted to the extent it impairs the homestead exemption.

The Doucettes obtained a pre-petition judgment of $96,971.50 against the debtor Donald Pedersen, which became a judicial lien on the debtors' house, behind two consensual liens. When they filed for bankruptcy relief, the debtors claimed a $60,000 homestead exemption in the property. The Doucettes filed a proof of claim for $57,743.67. They assert that the exemption will impair their lien rights, while the debtors assert that the lien impairs their exemption rights.

Section 522(f)(1)(A)[1] of the Bankruptcy Code permits debtors to avoid judicial liens that impair the debtors' ability to claim an exemption. The Code goes on to explain how the impairment determination should be made:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there

---

[1] In relevant part, that section states:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)[.]

The debt at issue here is not a debt of the kind specified in § 523(a)(5).

>       were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence
>       of any liens.

11 U.S.C. § 522(f)(2)(A).

There is some dispute about the value of the property, but the significant issue is whether the judgment debtor may claim the entire amount of the homestead exemption from his portion of the property.

The debtors own the home as joint tenants. Under Nebraska law, "[a]n interest held in joint tenancy is considered 'per my et per tout' – by the half and by the whole – which means that each joint tenant owns the whole of the property from the time at which the interest is created." Rosso v. Rosso (In re Estate of Rosso), 701 N.W.2d 355, 362 (Neb. 2005). Accordingly, each debtor holds an undivided half interest in the real estate and the judgment lien would attach to Mr. Pedersen's half of the equity, if any exists after consensual liens and the homestead exemption are accounted for.

Nebraska law is clear that the homestead exemption of a married couple may be selected from the wife's property only with her consent. Otherwise, it must come from the husband's property. Neb. Rev. Stat. § 40-102. The Nebraska Supreme Court has not had the opportunity to define "consent" for purposes of § 40-102, but has stated that a wife's consent "will be presumed from the actual use of the property as a homestead, which presumption can only be overcome by proof that she did not in fact consent." In re Nielsen's Estate, 280 N.W. 246, 248 (Neb. 1938) (quoting Hobson v. Huxtable, 112 N.W. 658, 659 (Neb. 1907) ("Hobson I")). See also Williams v. Williams, 184 N.W. 114, 115 (Neb. 1921); First Nat'l Bank of Ely v. Meyers, 161 P. 929, 930 (Nev. 1916) (stating the words "to be selected" from the property of one spouse or the other "have no significance when there is actual occupancy").

In Hobson I, the issue was whether real estate owned by the late Mrs. Hobson and occupied as the family home by her, her husband, and their children constituted a homestead. The court ruled that it did, resulting in a life estate to her widower, and after his death, the children could exercise their rights as holders of remainder interests against a subsequent purchaser of the property. On rehearing, the Nebraska Supreme Court vacated the opinion and clarified the rights of the remainder persons. Hobson v. Huxtable, 116 N.W. 278 (Neb. 1908) ("Hobson II"). The court did not address the matter of consent, as it was not an issue in the rehearing, nor did it disturb the holding as to the establishment of the homestead interest.

In its discussion of the presumption of consent, Nielsen's Estate, supra, does not cite Connor v. McDonald, 233 N.W. 894 (Neb. 1931). In Connor, the facts are similar to those of the present case: a judgment was entered against the husband and became a lien on real estate owned by the husband and wife as joint tenants. The court held that the lien should be avoided because prior encumbrances and the value of the homestead exemption exceeded the amount of the husband's equity in the property. In ruling that the homestead exemption should be taken solely from the husband's interest, the court simply stated, "The record contains no evidence that the wife consented

to the selection of the homestead from her separate estate – her undivided half interest. It follows therefore that the husband's undivided half interest in the improved lot supported the homestead." 233 N.W. at 896. This holding was followed in In re Mueller, Case No. BK07-41274, 2007 WL 4893452 (Bankr. D. Neb. Dec. 17, 2007). Many of the cases cited in the jurisprudence for the general proposition that a wife must consent to the use of her separate property as a homestead involve situations where a husband is trying to claim a homestead to the wife's exclusion or detriment. See, e.g., Zeng v. Jacobs, 164 N.W. 656 (Neb. 1917); First Nat'l Bank of Tekamah v. McClanahan, 120 N.W. 185 (Neb. 1909); Klamp v. Klamp, 79 N.W. 735 (Neb. 1899). In Zeng, the husband claimed a homestead interest in a house formerly owned by his late wife but abandoned by both of them after they separated. The court ruled against him, finding that she never consented to him establishing a homestead right in the property, but suggesting that consent could be shown by the parties residing in the property as their home. The court said, "The evidence does not show that she ever gave such consent. The fact that they made this property their home for a time would be strong, but not conclusive, evidence of its homestead character during that period." 164 N.W. at 657.

A cursory reading of Nebraska case law may support the debtors' position that a wife who is a joint owner of property must explicitly consent to the use of her share of the property as a homestead, but a closer reading of the cases does not lead inexorably to that conclusion. Connor merely quoted the language from the statute, without citing supporting authority and without considering existing case law to the contrary. The reasoning of Hobson I and Nielsen's Estate – that a woman holding an ownership interest in property which she and her family have made their family home tacitly consents to the creation of a homestead in her property – makes practical sense. That legal proposition is especially applicable in a bankruptcy case such as this, where not only do the husband and wife jointly own and live in the property, but they jointly agreed in their bankruptcy schedules to exempt the full statutory amount of the exemption against the property's total value. It is disingenuous, and inequitable to the husband's judgment creditors, for a debtor in that position to subsequently engage in post-petition maneuvering to protect as much of the home's value as possible by arguing that the homestead cannot be assessed as to her half of the property, but only against her husband's half.

In Mueller, where the court avoided the lien in whole after subtracting the full homestead exemption from the husband's half of the equity, there was no evidence before the court that the wife consented to the selection of the homestead from her half of the property. However, in the present case, that argument was made and evidence of consent exists in the bankruptcy petition and schedules, which leads to the conclusion that the homestead exemption should be assessed against the debtors' combined equity in conducting the § 522(f) analysis.

With regard to valuation, three different numbers have been proposed. The debtors filed their bankruptcy petition on October 28, 2010. They filed their schedules on November 11, 2010, and valued their house at $140,000. The Doucettes challenge that valuation, pointing to the most recent tax assessment value of $162,876 and Mrs. Pedersen's affidavit of financial condition in connection with a since-withdrawn divorce proceeding valuing the property at $170,000 in March 2009. The most reliable valuation, and the one prepared most near the petition date, appears to be the professional appraisal conducted in February 2011 at Mrs. Pedersen's request, valuing the property at $160,000.

Using a property value of $160,000 and subtracting the consensual liens and the homestead exemption leaves very little equity for the Doucettes' judgment lien to attach to, but there is some value and it is sufficient to survive the debtors' motion, at least in part.

| | |
|---|---|
| Amount of the judgment lien | $57,743.67 |
| Donald's half of the consensual liens | $48,629.50 |
| Donald's half of the homestead exemption | $30,000.00 |
| Total encumbrances and exemption | $136,373.17 |
| Less Donald's half of the property's value | $80,000.00 |
| Extent to which the judgment lien should be avoided | $56,373.17 |

Put another way,

| | |
|---|---|
| Value of the real estate | $160,000.00 |
| Total of consensual liens | $97,259.00 |
| Equity to support exemption | $62,741.00 |
| Homestead exemption | $60,000.00 |
| Remaining equity | $2,741.00 |
| Donald's half of the equity, available for the judgment lien | $1,370.50 |

Because the existence of the judgment lien interferes with the debtors' ability to claim a homestead exemption, it should be avoided to that extent.

IT IS ORDERED: The objection to exemptions by William and Mary Doucette (Fil. No. 16) is denied. The debtors' motion to avoid lien (Fil. No. 19) is granted to the extent it impairs the homestead exemption. However, the lien shall remain in place until such time as the debtors complete plan payments and are entitled to a discharge.

DATED:     April 11, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Kathryn J. Derr
    *Sam King
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.