IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-83133-TJM |
| | ) | |
| DONALD H. PEDERSEN and | ) | CH. 11 |
| MARCEE N. PEDERSEN, | ) | |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held on June 20, 2011, in Omaha, Nebraska, regarding Fil. #58, Amended Disclosure Statement filed by the debtors, and Fil. #63, Objection, filed by Tony C. Clark, James W. Huntington and Professional Management Midwest, Inc. Kathryn J. Derr appeared for the debtors and Theodore Boecker, Jr. appeared for James Huntington, Tony Clark and Professional Management Midwest, Inc.

The debtors have filed an amended disclosure statement which has been objected to. The amended disclosure statement is not approved.

The success of the plan depends on revenues generated by the business owned and operated by the debtors, Practice Business Consultants. To enable creditors to understand the value of the debtors' interest in that business and the ability of that business to generate the revenue necessary to pay claims, much more detailed information must be provided about the business. The court acknowledges that the business itself is not in bankruptcy. However, the business itself apparently is a major asset of the debtors, no matter what its actual value, because it is the main source of revenue for the debtors.

The next amended disclosure statement must include the following:

First, the valuation of the business, as reported in this current disclosure statement, is based on book value of assets. That is not a proper valuation method for a going business.

Second, there is no current information on earnings of the business or any projection of earnings based on contracts, accounts receivable or business development programs.

Third, if the business actually includes furniture and equipment from Professional Management Midwest, as claimed by the objectors, the assets in the current business are undervalued. If the furniture and equipment are not owned by the current business, the disclosure statement shall explain what happened to such furniture and equipment.

Fourth, the disclosure statement should explain how the debtors have personal liability on the debts of prior and current business entities that the debtors owned or partially owned.

Fifth, the disclosure statement must explain the claims of the objectors, the amounts claimed and how they will be treated in the plan if they are even partially successful in litigation. In addition, if there are counterclaims to be asserted by the debtors, such must be explained in detail.

Sixth, if any claims are disputed, they must be identified and the reason they are disputed must be provided.

IT IS ORDERED that the Amended Disclosure Statement, Fil. #58, is not approved.

DATED: July 7, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
 *Kathryn J. Derr
 Theodore R. Boecker, Jr.
 U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.