IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| DONALD H. and MARCEE N. PEDERSEN, | ) | CASE NO. BK10-83133-TJM |
| | ) | |
| Debtor(s). | ) | CHAPTER 11 |

ORDER

Hearing was held on February 21, 2012, on a motion to dismiss the case (Fil. No. 78) filed by creditors Tony C. Clark, James W. Huntington, and Professional Management Midwest, Inc., and on the debtors' motion to convert the case from Chapter 11 to Chapter 7 (Fil. No. 84). Kathryn J. Derr appeared for the debtors, Theodore R. Boecker, Jr., appeared for the moving creditors, Sam King appeared for William and Mary Doucette, and Jerry Jensen appeared for the United States Trustee.

The motion to dismiss the case will be granted. The debtors' motion to convert the case will be denied.

The debtors filed this Chapter 11 case on October 28, 2010. They are involved in state court litigation with Mr. Pedersen's former business partners. Those former business partners also filed an adversary complaint to determine dischargeability of the debt, which is stayed pending the resolution of the state court case. The debtors' most recently filed disclosure statement was not approved because it contained insufficient information. The former business partners then moved to dismiss the bankruptcy case. The lessors of the premises occupied by the business, who hold a judgment of $96,971.50 against Mr. Pedersen for breach of the lease, have also joined the motion. Shortly thereafter, the debtors moved to convert the case to one under Chapter 7. Both motions have been heard and are now ready for decision.

The debtors filed their motion to convert pursuant to 11 U.S.C. § 1112, asking to convert this case to a Chapter 7 because the pending state court litigation with Mr. Pedersen's former business partners makes it difficult for the debtors to obtain confirmation of a plan of reorganization. The debtors in possession have accumulated some funds which could be distributed to creditors. The debtors believe it is in the best interests of the estate and those creditors who are not involved in the state court litigation to convert the case.

The moving creditors, however, believe the debtors are stalling, using the bankruptcy system to thwart the creditors. The moving creditors challenge the debtors' failure to file an amended disclosure statement in the more than six months since their previous one was denied, as well as the debtors' post-petition spending and lack of appreciable effort to repay debts or move the bankruptcy case forward. At the hearing on these motions, Mr. Boecker offered his own affidavit, with attachments, in support of the motion to dismiss. Ms. Derr registered hearsay and foundation objections, which were deferred. After reviewing the documents, the objections to paragraphs 9, 11,

12, 13, 14, and 15 of the affidavit (Fil. No. 93) are sustained.

The evidence admitted by the court establishes cause for the dismissal or conversion of the case under § 1112, and dismissal is in the best interests of the creditors. "Cause" includes such factors as:

>	(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>	(B) gross mismanagement of the estate;
>	(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>	(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
>	(E) failure to comply with an order of the court;
>	(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>	(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
>	(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
>	(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
>	(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
>	(K) failure to pay any fees or charges required under chapter 123 of title 28;
>	(L) revocation of an order of confirmation under section 1144;
>	(M) inability to effectuate substantial consummation of a confirmed plan;
>	(N) material default by the debtor with respect to a confirmed plan;
>	(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
>	(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

§ 1112(b)(4).

Once "cause" has been demonstrated, the Court must convert or dismiss, unless the Court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). However, absent unusual circumstances, the Court must *not* convert or dismiss a case if [the debtor or other objecting party establishes that] (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time, (2) the "cause" for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of

rehabilitation; and (3) there is reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured within a reasonable time. 11 U.S.C. § 1112(b)(2).

In re Miell, 419 B.R. 357, 366-67 (Bankr. N.D. Iowa 2009) (quoting In re Orbit Petroleum, Inc., 395 B.R. 145, 148 (Bankr.D.N.M.2008)).

"A Chapter 11 bankruptcy embraces the 'two recognized policies of preserving going concerns and maximizing property available to satisfy creditors." In re Keeley & Grabanski Land P'ship, 460 B.R. 520, 537 (Bankr. D.N.D. 2011) (quoting Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 435 (1999)). If cause is shown, then the debtors must prove "unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors and the estate" *and* that a plan will be confirmed within a reasonable period of time. § 1112(b)(2).

Here, the debtors have not carried their burden. They do not appear to be making any progress toward dealing with their debts, other than an IRS debt that they claim precipitated the bankruptcy filing. They were directed in July 2011 to amend their disclosure statement to provide relevant information about their ability to pay their creditors' claims and were given specific guidance about the necessary modifications, but they have not managed to put that information together and file it. In recent months, the debtors state they have acquired some cash that could be used to pay creditors if the case were converted as they request. The source of the funds is unclear, although they may be proceeds from the sale of an automobile that was not listed as an asset.

In addition, according to the debtors' monthly operating reports, their income is in the neighborhood of $8,000 to $9,000 each month. They manage to spend nearly that same amount, as well. As pointed out by the moving creditors, the reasonableness of some of those monthly expenses is questionable, e.g., $1,000 for food for two people, amounts in excess of $1,000 for personal and pet care, along with significant expenditures for gifts and donations each month. Although the debtors are operating in the black, they are diminishing the estate and do not appear able or willing to devote any resources for more than a nominal payback to creditors. They seem determined to maintain their comfortable lifestyle at the expense of their creditors.

The debtors also appear to be purposely obfuscating their financial situation in an effort to protect assets from the moving creditors. They included in their schedules certain business debts for which they are not personally liable, and they are dragging their feet even after being ordered to disclose information about their Practice Business Consultants operation. The debtors may have valid strategic reasons in light of the ongoing state court litigation for not wanting to reveal such information, but such a strategy also dooms their ability to move through the bankruptcy system.

Bankruptcy is a refuge for honest debtors who need some breathing room to formulate a way to deal fairly with all of their creditors. It is not a hideout for debtors who simply want to stall their creditors indefinitely while making no sincere effort to administer their assets or repay creditors. If this case were converted to a Chapter 7, a trustee would be appointed to collect, liquidate, and

distribute assets. However, unless the debtors become more cooperative, such collection and liquidation could be a lengthy process. The harm of the expense and delay would fall on the creditors. Accordingly, there would be little benefit to the bankruptcy estate or to the creditors in this case by allowing the debtors to convert to Chapter 7.

Because the moving creditors have shown cause, including the absence of a reasonable likelihood of rehabilitation, the failure to comply with an order of the court, and the failure to get a disclosure statement approved, the moving creditors' motion to dismiss will be granted.

IT IS ORDERED: The debtors' objections to the affidavit of Mr. Boecker (Fil. No. 93) are sustained. The motion to dismiss the case (Fil. No. 78) filed by creditors Tony C. Clark, James W. Huntington, and Professional Management Midwest, Inc., is granted. The debtors' motion to convert the case from Chapter 11 to Chapter 7 (Fil. No. 84) is denied.

DATED:    March 12, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Kathryn J. Derr
    *Theodore R. Boecker, Jr.,
    J.P. (Sam) King
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.